1

2

3                    IN THE UNITED STATES DISTRICT COURT

4                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6
PHILLIP CHAMPION,                          No. C 04-0101 CW
7
          Plaintiff,                       ORDER GRANTING
8                                          DEFENDANT'S
     v.                                    MOTION TO
9                                          DISMISS AND
UNITED STATES OF AMERICA,                  DENYING
10                                         PLAINTIFF'S
          Defendant.                       MOTION FOR
11                                         PARTIAL SUMMARY
_____/  JUDGMENT
12

13

14      Defendant United States of America moves, pursuant to

15 Federal Rule of Civil Procedure 12(b)(1), to dismiss for lack of

16 subject matter jurisdiction the complaint filed by Plaintiff

17 Phillip Champion.  In the alternative, Defendant moves for

18 summary judgment.  Plaintiff opposes the motion and moves for

19 partial summary judgment.  The matters were heard on May 27,

20 2005.  Having considered the parties' papers[1], the evidence cited

21 therein and oral argument on the motions, the Court GRANTS

22 Defendant's motion to dismiss for lack of subject matter

23 jurisdiction and DENIES Plaintiff's motion for partial summary

24 judgment.

25                          BACKGROUND

26      The parties do not dispute that, during the early morning

27 _____

28      [1] Defendant's motion to strike Plaintiff's surreply is
DENIED.

United States District Court
For the Northern District of California

of June 8, 2001, Plaintiff was injured while riding his off-highway vehicle (OHV) on property known as the Scott's Creek Parcel.  The Scott's Creek Parcel was, at the time of Plaintiff's accident, owned by the United States Army Corps of Engineers (COE).  It borders the South Cow Mountain OHV Recreation Area, which was, and still is, owned and maintained by the United States Bureau of Land Management (BLM) for the purpose of recreational OHV use.  The parties also do not dispute that, at the time of Plaintiff's accident, neither the BLM or COE monitored or maintained any roads or trails for recreational use on the Scott's Creek Parcel.  BLM had entered into an agreement with COE in February, 1995 whereby COE agreed to transfer the Scott's Creek Parcel to BLM.  That transfer was not completed until March, 2004.

Plaintiff was injured when he encountered a large bush that was hanging over Walnut Grove Road, an unmarked trail that runs along Scott's Creek.  According to Plaintiff's sworn declaration, just after he maneuvered his OHV under the bush, his OHV fell through a portion of the trail that had been washed away, and Plaintiff and his vehicle fell fifteen feet onto the streambed below.  Walnut Grove Road is located on the Scott's Creek Parcel.  According to Plaintiff's evidence, prior to his accident, he had been driving his OHV on Mendo-Lake Road, and had turned onto Walnut Grove Road approximately one hundred yards before the accident site.

Plaintiff offers evidence that there was no sign warning recreational users of the South Cow Mountain Recreation Area

United States District Court

For the Northern District of California

that Walnut Grove Road was not part of the BLM-maintained recreation area.  Plaintiff submits further evidence that the road washout was caused by improper maintenance of a portion of Mendo-Lake Road that is located on the  South Cow Mountain OHV Recreation Area.  Conversely, Defendant proffers evidence that Mendo-Lake Road was properly maintained by the BLM, that it did not exhibit signs of erosion or downslope movement, and that it is not located directly uphill from the accident site, so it is unlikely that the washout was caused by downward runoff from Mendo-Lake Road onto Walnut Grove Road.  In addition, the Scott's Creek Parcel was not part of the designated route system of the South Cow Mountain OHV Recreation Area; it was marked as "out of bounds" on maps of the area provided by the BLM to OHV users.

On January 9, 2004, Plaintiff filed his complaint, which alleges that Defendant willfully and maliciously failed to guard or warn against a dangerous and unsafe condition.  The complaint further alleges that the Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act (FTCA).  The parties concluded fact discovery on March 18, 2005.  On April 22, Defendant filed this motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment.  On May 6, 2005, Plaintiff opposed the motions and moved for partial summary judgment that Defendant is legally responsible for his injuries.  On May 13, Plaintiff filed an amended opposition and summary judgment motion.

LEGAL STANDARD

3

**United States District Court**
For the Northern District of California

I.   Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1).  Federal subject matter jurisdiction must exist at the time the action is commenced.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because they will become moot if dismissal is granted.  Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir.), cert. denied, 423 U.S. 874 (1975).

A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment.  May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

4

II.  Motion for Summary Judgment

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute.  Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289.  The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case.  The substantive law will identify which facts are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.  The

United States District Court
For the Northern District of California

5

moving party is not required to produce evidence showing the absence of a material fact on such issues, nor must the moving party support its motion with evidence negating the non-moving party's claim.  Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).  If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.  A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 323.

Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a prima facie showing in support of its position on that issue. See UA Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1994).  That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue.  See id.; see also Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991).  Once it has done so, the non-moving party must set forth specific facts controverting the moving party's prima facie case.  See UA Local 343, 48 F.3d at 1471.  The non-moving party's "burden of contradicting [the moving party's] evidence is not negligible." Id.  This standard does not change merely because resolution of

United States District Court

For the Northern District of California

the relevant issue is "highly fact specific."  <u>See</u> <u>id.</u>

DISCUSSION

I.   Motion to Dismiss

Defendant argues that Plaintiff's claim is barred by the California Recreational Use Statute (CRUS).  CRUS states that a private land owner owes no duty of care to keep its property safe for entry or use by others for recreational purposes, and owes no duty to warn of hazardous conditions.  Cal. Civ. Code § 846.  The statute provides for two exceptions: (1) in cases of willful or malicious failure to guard or warn against a dangerous condition, and (2) in cases in which permission was granted by the property owner for recreational use in exchange for consideration.  <u>Id.</u>  In <u>Morgan v. S. Pac. Transp. Co.</u>, 37 Cal. App. 3d 1006, 1012 (1974), cited with approval in <u>Rost v. United States</u>, 803 F.2d 448, 451 (9th Cir. 1986), the court established a three-part test for willful misconduct: (1) actual or constructive knowledge of the danger, (2) actual or constructive knowledge that injury is a probable result of the danger, and (3) conscious failure to act to avoid the peril.

Defendant notes that there is no evidence of willful or malicious failure, on the part of any COE employee, to guard or warn against the condition that caused Plaintiff's accident.  And, Defendant provides evidence that COE was not aware of any dangerous conditions on its property, or of any prior accidents in the Scott's Creek Parcel.  Plaintiff argues that, even if CRUS does confer immunity upon COE, BLM is not immune because it was not the owner of the land and it helped to create the

United States District Court

For the Northern District of California

hazardous condition.  However, even if BLM were responsible for creating the allegedly dangerous condition on Walnut Grove Road, Plaintiff has submitted no evidence that BLM had actual or constructive knowledge of the fallen bush or the washed out trail, that it had actual or constructive knowledge that injury was probable due to the danger, or that it consciously failed to act to repair the condition.  Thus, even if BLM did, as Plaintiff argues, have a legal obligation to maintain the Scott's Creek Parcel due to the land transfer agreement between the BLM and COE, Plaintiff has failed to show that BLM was willful or malicious in failing to guard against the condition that allegedly caused Plaintiff's accident.

Plaintiff does not argue that he falls into the second exception of section 846; he does not contend that he exchanged consideration for permission to use the COE land for recreational purposes.  And, as Defendant notes, even if Plaintiff did make that argument, Plaintiff would nevertheless not fall under the invitee exception because there was no consideration given in exchange for his use of the COE land.

For the foregoing reasons, Plaintiff's claim is barred by the CRUS; thus, his claim must be dismissed because the Court lacks subject matter jurisdiction.  Plaintiff's claim is dismissed with prejudice.

II.  Motion for Summary Judgment

Even if the Court did have jurisdiction over Plaintiff's claim, Defendant would be entitled to summary judgment.

Defendant moves for summary judgment that, inter alia,

United States District Court

For the Northern District of California

Plaintiff assumed the risk of his injuries because OHV riding is an inherently dangerous activity.  The parties do not dispute that a defendant land owner has no duty to protect a plaintiff participating in a sport from risks inherent in the sport itself.  See Knight v. Jewett, 3 Cal. 4th 296 (1992).  Plaintiff notes that a defendant does owe a duty not to increase unreasonably the risk to a plaintiff above those inherent in the particular sport.  Id. at 315.  Thus, the critical question here is whether encountering a washed out road or trail is an inherent and assumed risk of riding OHV vehicles.

In support of its argument that Plaintiff assumed the risk of his accident, Defendant cites O'Donoghue v. Bear Mountain Ski Resort, 30 Cal. App. 4th 188 (1994).  In O'Donoghue, a plaintiff sought damages for injuries suffered when he skied off of a groomed ski run and into a ravine filled with boulders.  30 Cal. App. 4th at 191.  The court affirmed the trial court's ruling that granted the defendant summary judgment under the doctrine of primary assumption of risk.  Id. at 194.  Noting that the plaintiff was an experienced skier, the court ruled as follows: "It is an inherent risk of skiing that a skier might encounter hazardous natural forest obstacles, such as rough terrain, trees, rocks and ravines if he or she enters the natural forest, departing from the ski run." Id. at 193.  In his opposition papers, Plaintiff acknowledges that "naturally occurring, unmarked washouts might be an inherent risk of OHV riding," but he nevertheless argues that washouts which are caused by the actions of a landowner are not.

9

**United States District Court**
For the Northern District of California

1    Plaintiff's argument is not persuasive; it is irrelevant

2  whether the government's negligence caused the washed out trail

3  if the risk of encountering that condition is one that is

4  inherent in OHV riding.  <u>Id.</u> at 192-93.  The facts in this case

5  are fundamentally no different than the facts in <u>O'Donoghue</u>.

6  Plaintiff is an experienced OHV user who, despite his knowledge

7  of the designated trails in the South Cow Mountain OHV

8  Recreation Area, was riding on an unmarked trail outside of the

9  BLM-owned land when he was injured.  There is no material

10  dispute that one inherent risk of OHV riding is that a rider may

11  encounter washed out trails and difficult terrain.  Plaintiff's

12  accident was the unfortunate realization of that risk.

13    For the foregoing reasons, even if the Court did have

14  jurisdiction over Plaintiff's claim, Defendant would be entitled

15  to summary judgment that Plaintiff assumed the risk of his

16  injuries.

17                              CONCLUSION

18    For the foregoing reasons, the Court GRANTS Defendant's

19  motion to dismiss for lack of subject matter jurisdiction

20  (Docket No. 28), DENIES Plaintiff's motion for partial summary

21  judgment, and DENIES Defendant's motion to strike Plaintiff's

22  surreply (Docket No. 58).  The Clerk shall enter judgment and

23  close the file.

24    IT IS SO ORDERED.

25

26  Dated: 6/15/05                    /s/ CLAUDIA WILKEN
                                      CLAUDIA WILKEN
27                                    United States District Judge

28
                                  10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California